IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD KOEHLER,

      Plaintiff,                       No. CIV S-07-0175 FCD GGH P

  vs.

JAMES TILTON, et al.,

      Defendants.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee. Although plaintiff paid the filing fee, the court may screen the complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(3)(2). For the following reasons, this action is dismissed with leave to amend for failing to state a claim upon which relief may be granted.

        On January 29, 2007, plaintiff filed the original complaint. On June 4, 2007, plaintiff filed an amended complaint. Accordingly, the court will screen the amended complaint. Fed. R. Civ. P. 15.

        Plaintiff first alleges that he was denied access to the courts while housed at Folsom Prison because defendant Runnels only allowed plaintiff to have 6 cubic feet of property

1

in his cell.  In order to state a colorable claim for denial of access to the courts, plaintiff must allege that he suffered an actual injury to "contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).  Plaintiff does not allege that he suffered any actual injury as a result of the limit on the amount of property he could have in his cell.  Accordingly, this claim is dismissed with leave to amend.

Plaintiff next alleges that his typewriter, extension cord and calculator were confiscated in violation of prison regulations.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized.  Plaintiff's claim that the property was confiscated in violation of regulations suggests that the deprivations were actually *unauthorized*.  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  Accordingly, this claim is dismissed.

/////

Plaintiff next alleges violation of the Americans with Disabilities Act (ADA). Title II of the ADA provides, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Plaintiff's ADA allegations are not entirely clear. Plaintiff may be claiming that he was improperly transferred from Folsom Prison to Chuckawalla Valley State Prison in violation of the ADA. However, plaintiff does not allege that he was denied access to any benefits, services, programs or activities following his transfer to Chuckawalla.

Plaintiff also may be claiming that the ADA was violated during parole suitability hearings. However, plaintiff's ADA claims in connection with the parole suitability hearings are not clear. Accordingly, these claims are dismissed with leave to amend.

Plaintiff may also be claiming that he received inadequate medical care for skin cancer and aphasia in violation of the Eighth Amendment. However, these claims are not clearly stated. If plaintiff files an amended complaint, he should clarify whether he is raising Eighth Amendment claims based on inadequate medical care.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

   Plaintiff should keep these legal standards in mind when preparing his second amended complaint.

   Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint filed June 4, 2007, is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

DATED:  6/26/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

koe175.ame